IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES DALTON CUDE, | § | |
|         Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:06-CV-376-A |
| | § | |
| NATHANIEL QUARTERMAN, Director,[1] | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|         Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendations of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A.    NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.    PARTIES**

Petitioner James Dalton Cude, TDCJ-CID #418593, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently housed at the Bridgeport Unit in Bridgeport, Texas.

---

[1] Effective June 1, 2006, Douglas Dretke was replaced by Nathaniel Quarterman as Director of the Texas Department of Justice, Correctional Institutions Division. Accordingly, Nathaniel Quarterman should be automatically substituted as Respondent. *See* FED. R. CIV. P. 25(d)(1). The clerk of Court is directed to docket and change the designation of the Respondent.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C.    PROCEDURAL HISTORY

On March 18, 1986, Cude was convicted of voluntary manslaughter and received a twenty-year sentence in cause no. 23,226-A in the 30th District Court of Wichita County, Texas. (State Habeas R. at 17.)[2] Cude was subsequently released on parole but was returned to custody on July 2, 2003, with jail credit allowed from April 6, 2002. (*Id.* at 13.) TDCJ has denied Cude street time credit for the time he spent on release. (Resp't Answer, Exhibit A.) Cude remains incarcerated with a scheduled September 14, 2007 mandatory supervision release date, a June 21, 2005 maximum expiration date, and a last scheduled parole review date of October 1, 2006. (*Id.*; State Habeas R. at 13.)

On November 28, 2005, Cude filed a time credit dispute resolution form with TDCJ concerning his time calculation, but TDCJ notified Cude that there was no current error in his time calculation. (Resp't Answer, Exhibit A.) On February 21, 2006, Cude filed a state habeas application for writ of habeas corpus challenging TDCJ's time calculation, in which he asserted, as he does now, that he is being held illegally because he has fully discharged his twenty-year sentence. The application was dismissed by the Texas Court of Criminal Appeals based on § 501.0081 of the Texas Government Code on May 3, 2006. (State Habeas R. at cover.) TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004).[3] Cude filed this petition on May 22, 2006.

---

[2]"State Habeas R." refers to the state court record of Cude's relevant state habeas application, Application No. WR-16,480-02.

[3]Section 501.0081 of the Texas Government Code provides:

    (a) The department shall develop a system that allows resolution of a
(continued...)

**E.     ISSUES**

Cude claims that his continued incarceration violates his constitutional rights because his twenty-year sentence expired on February 10, 2006.  (Petition at 7-8.)

**F.     STATUTE OF LIMITATIONS**

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d).  Specifically, § 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3](...continued)
complaint by an inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled.

(b) Except as provided by Subsection (c), an inmate may not in an application for a writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:

> (1) the inmate receives a written decision issued by the highest authority provided for in the resolution system; or
>
> (2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges time-served credit error.

(c)  Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge.  An inmate described by this subsection may raise a claim of time-served credit error by filing a complaint under the system described by Subsection (a) or, if an application for a writ of habeas corpus is not otherwise barred, by raising the claim in that application.

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

  In the context of parole-revocation proceedings and the resultant loss or denial of various time credits support exists that subsection (D) governs when the limitations period begins to run, *viz.*, the date on which a petitioner could have discovered, through the exercise of due diligence, the factual predicate of his claims. *See, e.g., Heiser v. Johnson*, 263 F.3d 162 (5th Cir. 2001) (Table, No. 00-14008); *Biggins v. Dretke*, No. 3:03-CV2005-P, 2004 WL 1898255, at *2 (N.D. Tex. Aug. 24, 2004) (not designated for publication); *Tweedy v. Dretke*, No. 4:03-0520-A, 2003 WL 22724659, at *3 (N.D. Tex. Sept. 15, 2003) (not designated for publication). Cude could have discovered that TDCJ had denied him credit for the time he spent on parole in calculating his sentence, through the exercise of due diligence, at the very latest on July 2, 2003, when he was returned to TDCJ custody after his parole was revoked. *See Moore v. Dretke*, No. 3:03-CV-2121-R, 2003 WL 22964139 (N.D. Tex. Dec. 2, 2003) (not designated for publication). Thus, the federal statute of limitations began on Cude's time-credit claims on July 2, 2003, and closed one year later on July 2, 2004, subject to any applicable tolling.

Cude's state habeas application filed after the federal limitations period had already expired did not operate to toll the running of the federal period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Cude alleged and demonstrated exceptional circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999). Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Cude asserts that he felt he could not file in federal court until the actual violation of his freedom and rights was perpetrated by TDCJ, however, mere ignorance of the law or lack of knowledge of filing rules or deadlines does not justify equitable tolling. *See Felder*, 204 F.3d at 171-72; *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

Cude's federal petition was due on or before July 2, 2004. Accordingly, his petition filed on May 21, 2006, is untimely.

## II.  RECOMMENDATION

It is therefore recommended that Cude's petition for writ of habeas corpus be dismissed with prejudice as time-barred.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file

specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 21, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until November 21, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 31, 2006.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE